**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| ROBERT SCHWEIKERT,<br><br>*Plaintiff,*<br><br>v.<br><br>MARK R. HERRING, ET AL.,<br><br>*Defendants.* | CASE NO. 3:16-CV-00072<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon consideration of the *pro se* Plaintiffs' Verified Class Action Complaint for Emergency and Declaratory Relief. (Dkt. 1). Plaintiff requests, *inter alia*, "[a] temporary restraining order or preliminary injunction, entered prior to November 1, 2016, enjoining Defendants . . . from implementing, enforcing, or giving any effect to Sections 202 and 203 of Title 24.2 of the Virginia Code." Because Plaintiff fails to satisfy the requirements for obtaining a temporary restraining order or a preliminary injunction, as discussed below, his request for such relief is **DENIED without prejudice**.

In order to obtain preliminary injunctive relief under Federal Rule of Civil Procedure 65, a plaintiff must show that: (1) likelihood of succeed on the merits; (2) likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010). The substantive standard for a temporary restraining order is the same as that for a preliminary injunction. *See, e.g.*, *Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a

request for temporary restraining order).

Plaintiff's claims concern Virginia's method for selecting presidential electors to participate in the Electoral College. (Dkt. 1 ¶ 29). Plaintiff argues that Virginia's winner-take-all method for selecting electors, *see* Va. Code §§ 24.2-202, 24.2-203, violates the First Amendment, Fourteenth Amendment, Twelfth Amendment, and the Section 2 of the Voting Rights Act of 1965 (Dkt. 1 ¶¶ 66, 73, 94, 106).

Plaintiff's claim does not qualify for a preliminary injunction or a temporary restraining order because it fails to satisfy the first requirement under Rule 65: likelihood of success on the merits. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). Virginia's method for selecting presidential electors has already been challenged on similar grounds and affirmed as constitutional by the United States Supreme Court. *Williams v. Virginia State Bd. of Elections*, 288 F. Supp. 622 (E.D. Va. 1968), *aff'd*, 393 U.S. 320 (1969). In light of this precedent, success on the merits is not likely enough to justify a preliminary injunction or a temporary restraining order.

Therefore, this Court **DENIES without prejudice** Plaintiff's request for a preliminary injunction or a temporary restraining order.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to Plaintiff, Defendants, and any counsel of record.

Entered this 18th day of October, 2016.

Norman K Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE