IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROBERT SCHWEIKERT, *Plaintiff,* v. MARK R. HERRING, ET AL., *Defendants.* | CASE NO. 3:16-CV-00072 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon Plaintiff's Emergency Petition for Rehearing Motion for Order for Injunctive and Declaratory Relief. (Dkt. 22). Plaintiff requests "an immediate Temporary or Permanent Injunction against the Defendants or any officers, agents or employees of the Commonwealth of Virginia from implement or enforcing those two un-Constitutional code sections of the laws of Virginia, a Court ORDER to benefit Virginia Voters before the 8 November election." (Dkt. 22 ¶ 15). Because Plaintiff fails to satisfy the requirements for obtaining a temporary restraining order or a preliminary injunction, as discussed here and in my previous order, (dkt. 17), his motion for reconsideration is **DENIED**.

As discussed in my previous order, in order to obtain preliminary injunctive relief under Federal Rule of Civil Procedure 65, a plaintiff must show that: (1) likelihood of succeed on the merits; (2) likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The substantive standard for a temporary restraining order is the same as that for a preliminary injunction. *See, e.g., Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction

1

standard to a request for temporary restraining order).

Plaintiff is not entitled to preliminary injunctive relief because he has failed to establish that he is likely to succeed on the merits. The Constitution clearly states, "Each State shall appoint, *in such Manner as the Legislature thereof may direct*, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress." U.S. Const. art II, § 1, cl. 2 (emphasis added). In fact, Virginia's method for selecting presidential electors was challenged on similar grounds and affirmed as constitutional by the United States Supreme Court. *Williams v. Virginia State Bd. of Elections*, 288 F. Supp. 622 (E.D. Va. 1968), *aff'd*, 393 U.S. 320 (1969). It is of no consequence that the *Williams* case was brought by a Democrat, while the instant case was brought by a Republican. *Contra* (dkt. 22 ¶ 2). In light of this precedent, success on the merits is not sufficiently likely to justify a preliminary injunction or a temporary restraining order. *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) ("A preliminary injunction is an extraordinary and drastic remedy . . . it is never awarded as of right . . . . Rather, a party seeking a preliminary injunction must demonstrate, among other things, a likelihood of success on the merits." (internal quotation marks and citations omitted)).

Therefore, Plaintiff's motion for reconsideration is hereby **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to Plaintiff, Defendants, and any counsel of record.

Entered this 1st day of November, 2016.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE