IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROBERT SCHWEIKERT,<br><br>*Plaintiff,*<br><br>v.<br><br>MARK R. HERRING, ET AL.,<br><br>*Defendants.* | CASE NO. 3:16-CV-00072<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon *pro se* Plaintiff's Motion to Recuse Senior Judge Norman K. Moon. (Dkt. 24). Plaintiff requests "that Judge Moon recuse himself from continuing to handle this case because of his possible conflict of interest." (Dkt. 24 ¶ 1). Plaintiff argues that a conflict of interest exists because I was nominated to the federal district court by President Bill Clinton, and "Hillary Clinton, as the wife of Bill Clinton, is one of those candidates running for President this year." (*Id.*). Because Plaintiff fails to establish a reasonable basis for my impartiality, his motion for recusal is denied.

Two federal statutes govern judicial recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 requires the petitioner to file an affidavit stating the facts and reasons for the belief that bias or prejudice exists along with a certificate of counsel of record stating the claim is made in good faith; Section 455 is self-activating and does not require such procedural steps. Given that Plaintiff did not follow the procedural requirements of Section 144, I will consider his motion for recusal under Section 455. *See Givens v. O'Quinn*, No. 2:02-cv-00214, 2005 WL 3359115, at *2 (W.D. Va. Dec. 7, 2005) (considering a motion for recusal under § 455 because plaintiff did not file an affidavit or certificate required by § 144) (citing *Lilieberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 871 n.3 (1988) (Rehnquist, C.J., dissenting) (same); *Kidd v. Dalkon Shield*

1

*Claimants Trust*, No. 3:96-cv-642, 1996 WL 932551 (E.D. Va. Sept. 13, 1996) (same)).

A judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2008). A judge must also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* at (b)(1). Partiality requires an apparent wrongful or inappropriate disposition toward a party. *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995) (citing *Liteky v. United States*, 510 U.S. 540, 552 (1994)). Bias requires "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess [,] . . . [or] is excessive in degree . . . ." *Liteky*, 510 U.S. at 550 (emphasis in original). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Significantly, a judge is not required to recuse himself simply "because of unsupported, irrational, or highly tenuous speculation," *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (citation omitted), and "[m]ere general allegations of intimacy of the judge with opponents are insufficient to require recusal . . . ." *In re Beard*, 811 F.2d at 828 (internal quotation marks omitted). Absent a reasonable basis for questioning my impartiality, it is improper for me to recuse myself. *United States v. Glick*, 946 F.2d 335, 336–37 (4th Cir.1991).

Considering the foregoing standard, recusal is not appropriate in this case. Plaintiff does not conclusively demonstrate any objective impartiality, personal bias, or prejudice concerning a party. Plaintiff simply establishes that I was appointed by President Bill Clinton, the husband of Hillary Clinton, whose electoral vote total could be reduced by a ruling in Plaintiff's favor. (Dkt.

24 ¶ 1). Plaintiff does not allege or establish any facts regarding a past or present relationship with Bill and Hillary Clinton that would affect my judgment. In fact, the judicial nomination process was the only contact I ever had with Bill or Hillary Clinton. Furthermore, my decisions in this case, (dkts. 17 & 23), have been based solely on the facts of this case and binding legal precedent in this Court.

Plaintiff also purports to "re-file[] a motion for an Emergency Temporary or Permanent Restraining order." (Dkt. 24 ¶ 2). I will construe this as a Rule 59(e) motion to amend judgment. Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment within twenty-eight days after the entry of a judgment. Although the rule itself does not specify a standard, Rule 59(e) motions may be granted only upon three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). The standard for a successful Rule 59(e) motion is a high one, and granting such a motion is an "extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). Because Plaintiff has done nothing more than reassert his identical motion, he has not satisfied the Rule 59(e) standard.

Therefore, Plaintiff's motion seeking my recusal and his motion to amend the pervious judgment are hereby **DENIED**. It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to Plaintiff, Defendants, and any counsel of record.

Entered this 14th day of November, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE