IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROBERT SCHWEIKERT,<br><br>       *Plaintiff,*<br><br>v.<br><br>MARK R. HERRING, *ET AL.*,<br><br>       *Defendants.* | CASE NO. 3:16-CV-00072<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter, in which Robert Schweikert ("Plaintiff") challenges the constitutionality of Virginia's selection of presidential electors, is now before the Court upon Defendants' Motion to Dismiss, (dkt. 18), filed on October 26, 2016. A Roseboro Notice was sent to Plaintiff on that same day, informing Plaintiff that if he did not respond to the motion within twenty-one days, "the Court may dismiss the case for failure to prosecute." (Dkt. 20). Plaintiff did not directly respond to Defendants' motion, but he did file an Emergency Motion for Rehearing, (dkt. 22), as well as a Motion for Recusal, (dkt. 24), the contents of which responded to some of Defendants' arguments.

  Because Plaintiff is proceeding *pro se*, the Court will construe Plaintiff's subsequent motions as responsive to Defendants' Motion to Dismiss. Accordingly, Plaintiff's case will not be dismissed for failure to prosecute. Nevertheless, Defendants' motion will be granted, and Plaintiff's case will be dismissed because it fails to state a claim upon which relief can be granted by this Court. The precise issue contained in Plaintiff's complaint was previously litigated, dismissed, and affirmed summarily by the Supreme Court. *Williams v. Virginia State Bd. of Elections*, 288 F. Supp. 622 (E.D. Va. 1968) (3 judge court), *aff'd per curiam*, 393 U.S. 320 (1969), *reh'g denied*, 393 U.S. 1112 (1969). This Court lacks the authority to reach a conclusion that directly contradicts the Supreme Court's own jurisprudence—which is precisely what Plaintiff's complaint would ask this Court to do. Accordingly the case must be dismissed.

1

## I. LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II. BACKGROUND

Article II of the United States Constitution establishes the basic parameters by which the President of the United States is elected by the Electoral College, but it grants considerable discretion to the states to determine how to select electors. It states, "Each State shall appoint, in such a Manner as the Legislature thereof may direct, a Number of Electors . . . ." U.S. Const. art.

2

II, § 1, cl. 2.  Throughout our nation's history, states have experimented with different procedures for selecting electors.  Methods that have been used include, but are not limited to: (1) creating electoral districts, with one Elector chosen by the voters of each district; (2) selecting electors by congressional district, with the remaining two electors selected by the statewide popular vote; (3) selecting electors by congressional district, with the remaining two electors chosen by the other electors; (4) tasking the state legislature with selecting electors; and (5) selecting electors by statewide popular vote.  Today, forty-eight states use a "winner-take-all" approach.  Each state conducts a statewide election, and the candidate who wins the plurality of votes in that state sends their entire slate of electors to the Electoral College.[1]

Plaintiff asks the Court to upend over two centuries of electoral practice and declare that Virginia's winner-take-all method for selecting electors, *see* Va. Code §§ 24.2-202, 24.2-203, violates the First Amendment, Fourteenth Amendment, Twelfth Amendment, Seventeenth Amendment, and the Section 2 of the Voting Rights Act of 1965.  (Dkt. 1 ¶¶ 66, 73, 94, 106). The general thrust of Plaintiff's voluminous complaint is that: (1) James Madison, the "father of the Constitution" preferred a district system for selecting electors, (*id.* ¶¶ 10–13); (2) the Seventeenth Amendment dictates that electors be chosen by the members of the district they represent, (*id.* ¶ 13); (3) Virginia's winner-take-all system violates protected First Amendment speech and association rights, as incorporated through the Fourteenth Amendment, (*id.* ¶¶ 60–73); (4) Virginia's winner-take-all system violates its authority under Article II, (*id.* ¶¶ 74–78); and (5) Virginia's winner-take-all system violates the constitutional right to vote, as discussed in *Reynolds v. Sims*, 377 U.S. 533, 554–55, (*id.* ¶¶ 79–81, 90–110).

### III. ANALYSIS

Considering existing case law, the Court need not delve too deeply into the content of

---

[1] Maine and Nebraska select electors by congressional district, and the remaining two electors are awarded to the candidate who earns a plurality of the statewide vote.

Plaintiff's complaint because it does not create a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In 1968, a three-judge panel from the United States District Court for the Eastern District of Virginia heard a nearly identical case challenging the constitutionality of Virginia's winner-take-all system for selecting electors. *Williams v. Virginia State Bd. of Elections*, 288 F. Supp. 622 (E.D. Va. 1968) (3 judge court), *aff'd per curiam*, 393 U.S. 320 (1969), *reh'g denied*, 393 U.S. 1112 (1969). In *Williams*, the panel unequivocally declared Virginia's system of selecting electors constitutional. *Williams*, 288 F. Supp. at 629 ("Virginia's design for selecting presidential electors does not disserve the Constitution . . . ."). The *Williams* decision was affirmed *per curiam* by the United States Supreme Court. *Williams v. Virginia State Bd. of Elections*, 393 U.S. 320 (1969), *reh'g denied*, 393 U.S. 1112 (1969).

Summary affirmances "prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." *Mandel v. Bradley*, 432 U.S. 173, 176 (1977). However, "[s]ummary [decisions] lose their binding force when 'doctrinal developments' illustrate that the Supreme Court no longer views a question as unsubstantial, regardless of whether the Court explicitly overrules the case." *Bostic v. Schaefer*, 760 F.3d 352, 373 (4th Cir. 2014) (quoting *Hicks v. Miranda*, 422 U.S. 322, 344 (1975)).

This Court may not come to "opposite conclusions on the precise issues presented and necessarily decided" in *Williams*. *Mandel*, 432 U.S. at 176. Because the *Williams* decision concerned the precise issues presented in the instant case—*i.e.* the constitutionality of Virginia's winner-take-all system for selecting electors—any ruling in Plaintiff's favor would run afoul of Supreme Court precedent. The Court is not aware of any subsequent Supreme Court decisions that undermine the validity of *Williams*. To the contrary, the Supreme Court has reaffirmed the discretion of state legislatures to select their own method for selecting electors. *Bush v. Gore*, 531 U.S. 98, 104 (2000) (per curiam) ("[T]he state legislature's power to select the manner for

4

appointing electors is plenary." (citing *McPherson v. Blacker*, 146 U.S. 1, 35 (1892))). Accordingly, the Court is not permitted to reach a conclusion opposite the precise issues presented in *Williams*, and Plaintiff fails to state a claim upon which this Court can grant relief. Defendants' motion to dismiss the case pursuant to Rule 12(b)(6) must be granted.

### IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss will be granted and the case will be dismissed with prejudice. In the absence of subsequent Supreme Court case law, the decision in *Williams* is binding, and thus, Plaintiff's complaint fails to state a claim upon which relief could be granted by this Court.

An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to Plaintiff, Defendants, and all counsel of record.

Entered this \_\_2nd\_\_ day of December, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE